**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　Plaintiff-Appellee,

v.

STEPHEN WILKINSON,

　　　Defendant-Appellant.

No. 12-6200

(D.C. No. 5:09-CR-00154-C-1)
(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **TYMKOVICH**, Circuit Judges.

　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Stephen Wilkinson was found guilty following a bench trial for possession of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). He appeals pro se from the district court's denial of his motion for new trial and evidentiary hearing pursuant to Fed. R. Crim. P. 33(a).[1]

**I**

On April 10, 2009, Lieutenant Todd Palmer of the Lawton, Oklahoma, Police Department received a tip from an informant that a black male would be bringing crack cocaine into Lawton from Texas in a small red pickup. Palmer and his partner saw a red pickup that was driven by Stephen Wilkinson in the area of town and during the time of day that matched details of the informant's tip. Palmer noticed that the pickup had a paper license tag that was unlawfully covered with plastic, and he then requested that a patrol unit stop the truck.

Officer Timothy Poff received Palmer's radio request, but he did not receive any details regarding grounds for the stop. Poff did not see that the tag was covered in plastic, but he noticed that the license tag looked altered or wrinkled and thought that its weathered appearance meant that the tag had been on the truck for longer than 30 days, the period for which paper tags are valid in Oklahoma. Poff initiated a traffic stop, and a canine unit arrived soon thereafter.

---

[1] Because Wilkinson proceeds pro se, "we liberally construe his filing but 'do not assume the role of advocate.'" United States v. Viera, 674 F.3d 1214, 1216 n.1 (10th Cir. 2012) (quoting Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

2

The dog alerted on the truck, and a search of the truck revealed 25 grams of crack cocaine.

Wilkinson moved to suppress evidence found in his truck, arguing that Poff did not have reasonable suspicion to stop him and that the stop exceeded the permissible scope of a traffic stop. After an evidentiary hearing on Wilkinson's motion to suppress, the district court held that the stop and search were lawful. The district court held that Poff could rely on Palmer's observation that the license tag was covered in plastic, and Poff himself had reasonable suspicion to believe that the truck's tag was forged. The district court found Wilkinson guilty of possession of crack cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1). Wilkinson appealed the district court's denial of his suppression motion, and this court affirmed the district court's findings, concluding that Poff could rely on Palmer's observation that Wilkinson's license tag was covered in plastic. See United States v. Wilkinson, 633 F.3d 938, 941 (10th Cir. 2011).

On February 13, 2012, Wilkinson filed a motion for a new trial and evidentiary hearing pursuant to Fed. R. Crim. P. 33(a), citing the investigation and firing of Palmer by the Lawton Police Department for policy and procedure violations that allegedly occurred between 2007 and 2010. In his motion for a new trial and evidentiary hearing, Wilkinson cited to news articles published in June and July of 2011 that detailed the firing of Palmer for bribery and

3

corruption, warrantless searches, illegal seizures, unauthorized forfeiture settlements, and inaccurate arrest reports. Wilkinson specifically pointed to allegations related to Palmer's use of confidential informants, with whom Palmer often negotiated backdoor deals in exchange for information—practices that another officer described as akin to extortion. One district attorney was also quoted in a newspaper article stating that Palmer's ability to be a witness in a case is "absolutely zero." R., Vol. 1 at 42.[2]

The district court denied Wilkinson's motion for a new trial and evidentiary hearing, and Wilkinson appeals the district court's denial of his motion.

## II

Wilkinson argues that he is entitled to a new trial and evidentiary hearing because the government withheld impeachment evidence and because of newly discovered evidence. He cites to the investigation and firing of Palmer by the Lawton Police Department, arguing that the credibility of Palmer as a witness influenced the outcome of Wilkinson's suppression motion and ultimate conviction.

---

[2] On November 2, 2012, Wilkinson filed a motion with this court to supplement the record on appeal to include a news article detailing the disposition of a lawsuit filed by the City of Lawton against Palmer. As discussed below, because we conclude that the credibility of Palmer as witness did not influence the outcome of Wilkinson's suppression motion or ultimate conviction, we deny Wilkinson's motion to supplement the record on appeal.

4

*New Trial*

We review the district court's denial of a motion for a new trial for abuse of discretion. United States v. Gwathney, 465 F.3d 1133, 1144 (10th Cir. 2006). "'A decision is an abuse of discretion only if it is arbitrary, capricious, whimsical, or manifestly unreasonable.'" Id. (quoting United States v. Combs, 267 F.3d 1167, 1176 (10th Cir. 2001)). Our review of a claim asserted pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), in the context of a Rule 33 motion for a new trial is de novo, with any factual findings reviewed for clear error. United States v. Torres, 569 F.3d 1277, 1281 (10th Cir. 2009).

"To establish a Brady violation the defendant must demonstrate that (1) the prosecution suppressed evidence, (2) the evidence was favorable to the defendant, and (3) the evidence was material." United States v. Diaz, 679 F.3d 1183, 1192 (10th Cir. 2012) (quotation omitted). "[E]vidence is 'material' within the meaning of Brady when there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." Cone v. Bell, 556 U.S. 449, 469-70 (2009). "In the event that 'the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within [the Brady] rule.'" Torres, 569 F.3d at 1281 (quoting Giglio v. United States, 405 U.S. 150, 154 (1972)).

The district court denied Wilkinson's motion for a new trial which raised a Brady claim. Without deciding whether the government withheld favorable

5

evidence from Wilkinson, the district court found that "the investigation and firing of Palmer were not material evidence as required to show a violation of Brady." R., Vol. 1 at 102. The district court found that "evidence affecting Palmer's credibility as a witness could not have led to a different outcome in the judgment against Defendant because the judgment was based on the stipulated facts," and that "evidence affecting Palmer's credibility as a witness also would not have led to a different disposition of the motion to suppress." Id.

We agree with the district court that the evidence was not material to the district court's determination of Wilkinson's guilt. The district court, in finding Wilkinson guilty of the charges against him, relied solely on the parties' stipulated facts, see Sup. R., Vol. 1 at 16, which are as follows:

1)      If Officer Tim Poff, Lawton Police Department, were called as a witness he would testify that on April 10, 2009, at approximately 6:53p.m., he conducted a traffic stop in Lawton, Oklahoma. Officer Poff would testify he stopped a red Chevy S-10 pickup for improper display of a license plate. Stephen Wilkinson, Jr., the defendant in this case, was the driver and only occupant of the pickup. Officer Poff would also testify Mr. Wilkinson attempted to flee from the scene after he was removed from the vehicle;

2)      Officer Poff would testify the pickup was searched after the traffic stop and the search yielded approximately twenty-five (25) grams of what he believed to be crack cocaine. Officer Poff would further testify that in addition to the substance he believed to be crack cocaine, a digital scale with a white powder residue was also discovered. Both the substance believed to be

crack cocaine and digital scale were found in the center console of the pickup. Officer Poff would testify that in his experience, 25 grams of cocaine base is consistent with distribution, as opposed to personal use. A subsequent search of Mr. Wilkinson's person revealed over $8,000.00 in cash;

3) The substance believed to be crack cocaine was later tested at the Drug Enforcement Administration South Central Laboratory. If called to testify, Pauline Orlando, Senior Forensic Chemist at the DEA laboratory, would testify the test results established the substance seized from the Chevy S-10 pickup was cocaine base, a Schedule II drug, with a net weight of 22.3 grams and a purity of 39.9%.

Id. at 21. The parties' stipulated facts do not mention Palmer's testimony, and the district court did not rely upon Palmer's testimony in its judgment. See id. at 18.

Likewise, Palmer's credibility as a witness was not material to Wilkinson's motion to suppress. We affirmed the district court's denial of Wilkinson's motion to suppress based on the collective-knowledge doctrine, under which law enforcement officers may rely on a bulletin or alert to conduct a stop or make an arrest. See United States v. Rodriguez-Rodriguez, 550 F.3d 1223, 1227 (10th Cir. 2008). The relevant inquiry under the collective-knowledge doctrine is whether the officer who issued the alert had the requisite level of suspicion. Id. In accordance with the collective-knowledge doctrine, we concluded that "[b]ecause Palmer had seen plastic covering the pickup's paper tag, thereby establishing reasonable suspicion for the stop, and told Poff to stop the truck, it does not

7

matter that Poff did not see the plastic himself before making the stop."

Wilkinson, 633 F.3d at 941. In affirming the district court's denial of

Wilkinson's motion to suppress, we did not address the district court's alternative

basis for reasonable suspicion, which was that "Poff himself had reasonable

suspicion to believe that the truck's tag was forged." Id. As the district court

explained,

> Even without Lieutenant Palmer's report, Officer
> Poff was justified in stopping Defendant's truck.
> Officer Poff testified that when he saw Defendant's
> truck, he could not read the tag and did not recognize its
> format. Based on these observations, Officer Poff
> believed the tag was possibly forged. As noted above,
> under Oklahoma law and/or Lawton's city ordinance, a
> valid license plate must be readily readable at all times.
> See 47 Okla. Stat. § 1113(A)(2); Lawton City Ordinance
> 23-5-524. Based on his belief about the license plate,
> Officer Poff was justified in stopping Defendant's
> vehicle to further investigate the plate's validity.

Supp. R., Vol. 1 at 13.

We conclude that the district court's denial of Wilkinson's motion to

suppress can be affirmed on the alternative basis that Poff had reasonable

suspicion to believe that the truck's tag was forged. Under both Oklahoma law

and Lawton's city ordinance, a valid license plate must be readily readable at all

times. See Okla. Stat. tit. 47, § 1113(A)(2); Lawton, Okla., Code of Ordinances §

23-5-524. At the suppression hearing, Poff testified that he suspected the license

plate on Wilkinson's truck was either fabricated or forged:

8

> I noticed that there was something inappropriate with the tag that was on the rear bumper of his vehicle. It honestly looked to me like it was altered. It look wrinkled . . . . It looked maybe weathered and wrinkled and it looked like it was either fabricated or altered.
> . . . .
> It looked to me like it was a really old, weathered, tattered paper that usually indicates a person has had that on the outside of the vehicle for a long period of time, which means it would be past its 30-day expiration.

Supp. R., Vol. 2 at 34-35. In addition, Poff testified that he could not read the expiration date on the vehicle tag, which would also be violative of Oklahoma law and Lawton's city ordinance. Id. at 37.

"To determine the initial validity of a traffic stop, we ask whether the stop was 'objectively justified.'" United States v. DeGasso, 369 F.3d 1139, 1143 (10th Cir. 2004) (quoting United States v. Botero-Ospina, 71 F.3d 783, 788 (10th Cir. 1995) (en banc)). A traffic stop is reasonable if the officer had "an objectively reasonable articulable suspicion that a traffic violation has occurred or is occurring before stopping the automobile." United States v. Soto, 988 F.2d 1548, 1554 (10th Cir. 1993). As this court explained in United States v. Botero-Ospina, 71 F.3d 783 (10th Cir. 1995) (en banc),

> It is irrelevant, for purposes of Fourth Amendment review . . . that the officer may have had other subjective motives for stopping the vehicle. Our sole inquiry is whether this particular officer had reasonable suspicion that this particular motorist violated any one of the multitude of applicable traffic and equipment regulations of the jurisdiction.

9

Id. at 787 (quotation omitted). See also Whren v. United States, 517 U.S. 806, 813 (1996) (rejecting the argument that "the constitutional reasonableness of traffic stops depends on the actual motivations of the individual officers involved"). During the suppression hearing, Poff testified that he could not read the expiration date on the vehicle tag, and he believed that the tag was forged. We conclude that Poff had an objectively reasonable articulable suspicion that the tag on Wilkinson's truck violated Oklahoma state law and Lawton's city ordinance.

The district court also denied Wilkinson's motion for a new trial pursuant to this circuit's five-factor test regarding newly discovered evidence. R., Vol. 1 at 103. When a defendant claims a right to a new trial based on newly discovered evidence, the defendant must show:

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by his own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

United States v. Redcorn, 528 F.3d 727, 743 (10th Cir. 2008) (quotation omitted). As already discussed, evidence of Palmer's misconduct is not material to the principal issues involved in this case. In addition, Wilkinson does not show that the new evidence is not merely impeaching, and he does not show that the new evidence is of such a nature that were a new trial held an acquittal would be the

10

probable result.

We conclude that Wilkinson is not entitled to a new trial.

*Evidentiary Hearing*

"We review the decision of the district court on the propriety of an evidentiary hearing for an abuse of discretion." United States v. Pearl, 324 F.3d 1210, 1215 (10th Cir. 2003). "[A] district court is not required to hold an evidentiary hearing before resolving a motion for a new trial, particularly when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence." United States v. Velarde, 485 F.3d 553, 559 (10th Cir. 2007) (citations and quotations omitted). The district court is required to conduct an evidentiary hearing "only if the admissible evidence presented by petitioner, if accepted as true, would warrant relief as a matter of law." Id. at 560.

Wilkinson contends that the district court erred in not holding an evidentiary hearing to consider evidence of police misconduct by Palmer dating back to 2007. Wilkinson also submitted an affidavit in which he states that he had not been coming from Texas at the time of his arrest, and that he has witnesses and cell phone records to verify he was not in Texas near the date of his arrest. R., Vol. 1 at 46. The information contained in his affidavit, Wilkinson argues, indicates that Palmer committed perjury at Wilkinson's suppression hearing. According to Wilkinson, "Officer [P]almer could not have possibly

11

received a call from an informant telling him that an unidentified 'black male' would be traveling from Texas bringing drugs." Aplt. Br. at 3(b).

Wilkinson's affidavit is not new evidence because he was aware of the information at the time of his suppression hearing and trial. See United States v. Quintanilla, 193 F.3d 1139, 1147 (10th Cir. 1999) (holding that evidence known to the defendant before commencement of trial did not warrant a new trial because the evidence was not "newly discovered"). Further, evidence of Palmer's misconduct would not warrant relief as a matter of law. The district court's denial of Wilkinson's motion to suppress can be upheld based on Poff's own observations, and the district court did not rely on Palmer's testimony in convicting Wilkinson. The district court did not abuse its discretion in finding that Wilkinson is not entitled to an evidentiary hearing.

### III

For the foregoing reasons, we AFFIRM. Wilkinson's motion to supplement the record is DENIED.

Entered for the Court

Mary Beck Briscoe
Chief Judge